The document below is hereby signed.

Signed: September 20, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STACEY ANN MAKELL, | ) | Case No. 19-00507 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>GRANTING MOTION TO RECONSIDER DISMISSAL</u>

The debtor filed a *Motion to Reconsider Dismissal/Reopen Case - Emergency* (Dkt. No. 27) seeking to have the *Order Dismissing Case* (Dkt. No. 22) vacated.  For the reasons stated below, the *Motion to Reconsider* will be granted, but the automatic stay will not go into effect by this order's vacating the *Order Dismissing Case*.

I

The debtor initiated this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on July 29, 2019, and included with the petition an application to pay the filing fee in installments and an initial payment of $90.  The court entered an *Order Denying Application for Individual to pay Filing Fee in Installments* ("*Show Cause Order*") denying the debtor's

application to pay the filing fee in installments on August 1, 2019, because the debtor had failed to pay the full filing fee in a previous case (Case No. 19-00066, which was dismissed on February 21, 2019, for the debtor's failure to file a prepetition certificate of credit counseling).  The court further ordered the debtor to pay the full fee within 14 days after entry of the *Show Cause Order*, or show cause why the case ought not be dismissed.  There is no certificate of service that shows that the *Show Cause Order* was mailed to the debtor.  The debtor failed to respond to the *Show Cause Order*, and the case was dismissed on August 19, 2019.  The debtor paid the balance of the filing fee on August 26, 2019.

    The debtor filed her *Motion to Reconsider*, on September 13, 2019.  The debtor is trying to stop a foreclosure of her home in the Superior Court of the District of Columbia.  She alleges that she did not know about the *Show Cause Order* because she did not have access to PACER, and did not receive written notice of the order in the mail.

II

    The debtor's motion was filed more than 14 days after the entry of the *Order Dismissing Case*, and accordingly, the court must consider the motion under Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024.  There are six reasons for granting relief from a final judgment under Rule 60(b).  The

debtor qualifies for relief under two of those reasons: Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect;" and Rule 60(b)(6) "any other reason that justifies relief."

The docket does not show that the *Show Cause Order* was ever mailed to the debtor, giving the debtor notice that she needed to pay the filing fee or her case would be closed. There must have been a mistake, or the clerk inadvertently forgot to send the *Show Cause Order* to the BNC for it to be mailed to the debtor. Accordingly, it is appropriate for the court to grant relief from the order of dismissal pursuant to Rule 60(b)(1). Moreover, it would be unjust for the court to not permit the debtor to continue her case for failure to obey a court order, where the debtor never received the court order. Accordingly, relief is appropriate under Rule 60(b)(6).

However, the automatic stay is no longer in place pursuant to 11 U.S.C. § 362(c)(3), and will not be in place upon the *Order Dismissing Case* being vacated. Under § 362(c)(3) the automatic stay will terminate 30 days after a case is filed where the debtor had a pending case dismissed within one year prior to filing the later case. The court may extend the automatic stay, but to do so, § 362(c)(3)(B) requires that notice and a hearing be "completed before the expiration of the 30-day period." The debtor had one pending case that was dismissed within a year of

filing this bankruptcy case, Case No. 19-00066, dismissed on February 21, 2018.  The petition commencing this case was filed on July 29, 2019, and the 30-day period expired on August 28, 2019.  The 30-day period is long past, and the court no longer has authority to extend, or reinstate, the automatic stay under § 362(c)(3).

There may be a question as to whether the 30-day period was tolled due to the dismissal of this case.  However, the statute is clear that the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case."  This would hold true, even if the stay terminated earlier pursuant to an order of dismissal.  The statute is equally clear that a hearing must be concluded within that 30-day period.  The 30 days after the filing of the petition is not changed by the order of dismissal.  Therefore, the automatic stay is terminated in this case.

III

For all these reasons, it is

ORDERED that the debtor's *Motion to Reconsider Dismissal/Reopen Case - Emergency* (Dkt. No. 27) is GRANTED.  It is further

ORDERED that the *Order Dismissing Case* (Dkt. No. 22) is vacated.  it is further

ORDERED that the automatic stay does not go into effect upon the entry of this order under operation of 11 U.S.C. § 362(c)(3).

[Signed and dated above.]

Copies to: All entities on BNC mailing list.

H:\Common\TeelSM\TTB\Orders\MTn to Reconsider\Order denying motion to reconsider_Stacey Maskell_19-507_v2.wpd